IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAPHENE LYNN SVOBODA,

                      Plaintiff,

v.                                            OPINION and ORDER

ROBERT GLYNN,                                  22-cv-235-jdp

                      Defendant.

---

      Pro se plaintiff Daphene Lynn Svoboda alleges that her ex-husband's brother, defendant Robert Glynn, claimed life insurance benefits that were owed to Svoboda after her ex-husband died in 2021. The court granted Svoboda leave to proceed in forma pauperis.

      Because Svoboda proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). At screening, I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Svoboda doesn't provide enough information for me to determine whether the court has jurisdiction over her case, so I will instruct Svoboda to provide further information before I screen her complaint.

      Svoboda alleges the following facts, which I accept as true for the purpose of this order. Svoboda was married to Robert Glynn's brother, Daniel Glynn, until they divorced in 2018. In the divorce proceeding, a Pierce County court entered a judgment requiring Daniel to pay Svoboda $2,000 per month in spousal support. The judgment also required Daniel to maintain a life insurance policy designating Svoboda as beneficiary so that if Daniel died, the spousal

support payments could continue until they expired in January 2024. In August 2021, Daniel died. Sometime thereafter, Svoboda contends that Robert "claimed [Daniel's] life insurance . . . because [Svoboda] divorced his brother [Daniel] . . . ." Dkt. 1, at 2. Svoboda asks for $116,000, comprising $58,000 in spousal support and $58,000 for "pain and suffering." *Id.*, at 4.

There are no federal claims, but based on the allegations in Svoboda's complaint, it is possible that she has valid claims under state law. However, for this court to have jurisdiction over a case involving only state law claims the requirements of 28 U.S.C. § 1332 must be met. That means that the parties must be citizens of different states, and the amount in controversy must be greater than $75,000. *See* 28 U.S.C. § 1332(a).

The complaint alleges that Svoboda is a citizen of Wisconsin and Robert is a citizen of Minnesota, so the first requirement is met. But it is unclear whether the amount in controversy is greater than $75,000. This is because a plaintiff's ability to recover for emotional distress depends on the nature of her claim and here, it's unclear what Svoboda's claims might be. Specifically, it's unclear what Robert did to harm Svoboda. Svoboda alleges that Robert "claimed" Daniel's life insurance, but the complaint doesn't explain what that means. In a supplemental filing, Svoboda should explain what happened with the insurance policy in more detail. Before he died, did Daniel remove Svoboda as beneficiary and add Robert in her place? Or did Robert receive the life insurance proceeds some other way (for instance, by lying to the insurer)? In either case, has Svoboda asked Robert to pay her the amount she claims she is owed? The answers to these questions will help the court to assess whether it has jurisdiction and whether Svoboda has stated a claim.

ORDER

IT IS ORDERED that plaintiff Daphene Lynn Svoboda may have until December 23, 2022, to submit a supplement to her complaint that addresses the issues described above.

Entered December 9, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge