IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAPHENE LYNN SVOBODA,

Plaintiff,

v.

ROBERT GLYNN,

Defendant.

OPINION and ORDER

22-cv-235-jdp

---

Pro se plaintiff Daphene Lynn Svoboda alleges that defendant Robert Glynn (her ex-husband's brother) claimed life insurance benefits owed to her after her ex-husband, Daniel Glynn, died in 2021. I had allowed Svoboda to proceed on unjust enrichment and conversion claims under Wisconsin law, and I concluded that the court could exercise jurisdiction on the basis of diversity. Dkt. 7.

Glynn moves to dismiss. Dkt. 16. Svoboda didn't respond. I will grant the motion because the court cannot exercise personal jurisdiction over Glynn.

Glynn contends that Svoboda failed to state a claim upon which relief may be granted. Dkt. 16 at 2. My initial determination that Svoboda had stated unjust enrichment and conversion claims under Wisconsin law wouldn't preclude me from granting a later motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lewis v. Great Lakes Educ. Loan Servs.*, No. 21-cv-746-wmc, 2023 WL 1861152, at *2 (W.D. Wis. Feb. 9, 2023). But Glynn hasn't shown that Svoboda failed to state a claim. *See Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (movant has burden to establish entitlement to relief under Rule 12(b)(6)).

Glynn's argument about subject matter jurisdiction also fails. Glynn contends that Svoboda's allegations fail to satisfy the $75,000 threshold for diversity jurisdiction.

Dkt. 16 at 3–4. Glynn argues that Svoboda's amended complaint "can only be understood to be a contract-based claim." *Id.* In my screening order, I explained why Svoboda's allegations supported a conversion claim. The conversion claim could support the amount-in-controversy requirement. *See Marcure*, 992 F.3d at 631.

Glynn's personal jurisdiction argument has more traction. Glynn, a Minnesota citizen, contends that Svoboda hasn't alleged (and can't show) a basis for the court to exercise personal jurisdiction over him. Dkt. 16 at 4. Glynn argues that Svoboda hasn't alleged that he "has any connection with the State of Wisconsin, much less a legal nexus sufficient to support the Court's jurisdiction over him." *Id.* Glynn adds that he has "no business-related dealings with Wisconsin residents." *Id.*

"When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), . . . the plaintiff bears the burden of demonstrating the existence of jurisdiction." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022). When the court "rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, . . . the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). To do this, Svoboda must show "both that [Glynn] falls within Wisconsin's long-arm statute, Wis. Stat. § 801.05, and that exercise of jurisdiction over [Glynn] is consistent with due process." *Standard Process, Inc. v. Antitrend LLC*, No. 19-cv-99-jdp, 2020 WL 553871, at *2 (W.D. Wis. Feb. 4, 2020). I must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of [Svoboda] when evaluating personal jurisdiction." *In re Sheehan*, 48 F.4th 513, 520 (7th Cir. 2022).

Svoboda hasn't responded to Glynn's motion, much less submitted any affidavits or other evidence from which I could plausibly infer that Glynn has contacts with Wisconsin that satisfy the Wisconsin long-arm statute and due process. Svoboda alleges that she and her ex-husband lived in Wisconsin, but there is no allegation that Glynn did anything in or directed to Wisconsin. There are no allegations in the complaint suggesting that Glynn "purposefully directed [his] activities" at Wisconsin and that the alleged injury arose from his Wisconsin-related activities. *See Standard Process*, 2020 WL 553871, at *3. The thrust of Svoboda's complaint is that Glynn took insurance payments that belong to her under a divorce judgment, but "it's unclear what [Svoboda] means when she says that Glynn 'claimed' the insurance payments." Dkt. 7 at 7. Even a generous reading of the amended complaint fails to support a plausible inference that Glynn has sufficient contacts with Wisconsin to warrant the exercise of personal jurisdiction over him.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But I already allowed Svoboda to clarify her allegations, and she didn't respond to Glynn's motion to dismiss or try to justify her failure to do that. It appears that further amendment would be futile*, see Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013), and would be unfair to keep the case going after defendant Glynn has filed a properly supported motion to dismiss demonstrating a lack of personal jurisdiction.

ORDER

IT IS ORDERED that:

1. Defendant Glynn Glynn's motion to dismiss, Dkt. 14, is GRANTED. The case is DISMISSED for lack of personal jurisdiction.

2. The clerk of court is directed to enter judgment and send plaintiff Daphene Lynn Svoboda copies of this order and the judgment.

Entered December 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge